v. Carrington Mortgage Arguments not to exceed 15 minutes per side. Mr. Johanneson for the appellate. Good morning, your honors. Appellants are reserving three minutes for rebuttal. Very well. May it please the court, my name is Scott Johanneson and I represent Appellant Anarion Investments LLC. Your the Fair Debt Collection Practices Act, Congress said what it meant and meant what it said. The terms and the language of the FDCPA, which I will alternatively refer to as the Act for brevity, also says what it means and means what it says. Section 1692 K, which is the enforcement provision of the Fair Debt Collection Practices Act, imposes liability on any debt collector that fails to comply with the provisions of the statute with respect to any person under the Dictionary Act, under Supreme Court precedent, under standard rules of statutory interpretation and construction. Any person means what it says and says what it means. Even Congress, when enacting the act, indicated and indeed expressly stated that the elimination of abusive debt collector practices is the purpose of the act. Mr. Johanneson, I do understand your textual arguments. One thing I would like to learn more about is just the factual context of this case. Obviously, there are allegations in the complaint, but I'm struggling a bit to understand Anarion's relationship to this property. It seems like, I guess, you personally had some kind of option to buy the property and then you exercise it and transfer your interest to Anarion, but title is still held by the Leipzig Family Trust, I guess. And I do think it's relevant that the relationship of Anarion to this property, I think, is at least something we should be aware of when we're thinking about these things. I understand any person means... I understand what you think that means. What is Anarion's interest? Is this like a land contract or something? Is that why title was not transferred to you and then Anarion? Anarion is the legal and equitable owner of the property. Legal owner, but it doesn't have title. It's not the title owner, but it has legal and equitable interests in it. Back in January of 2011, the option to purchase a property was exercised, which transfers equitable title under Tennessee law into Anarion. Well, to you and then to Anarion, correct? Correct. That's correct. In January of 2013, the interest in myself was transferred to Anarion LLC. Why do they still have title? Why did Leipzig Family Trust still have title? Leipzig Family Trust had record title only. They did not have legal or equitable title. Okay, why did they have that? They had legal title because on paper, in the deed of trust, they were still identified as the owner of the property. Okay, it's like taking a deposition. Why were they still identified as having... If you bought this thing, why do they still have record title is what I'm driving at. Because in May of 2015, the exercise option, the property escrow was to close. May 2015. You exercised the option again when? In January of 2011. Why the big time lag? I'm trying to get a practical understanding of this transaction. Is this basically working like a land contract where you make payments for some period and then you get title? Correct. Okay. Correct. And then escrow was going to close in May. Background information, escrow now is set to close in June. Anarion still has an option on the property. Again, I don't want to... If the court wants the information, my family's still on the property. And we are closing by June 30. Well, this would be relevant for the injunction. I thought the property has been foreclosed on. The property was foreclosed on on June 3, 2014. And the property was purchased by another entity. And Anarion remains the option holder on the property uninterrupted. The only difference, the only thing that happened on June 3, 2014 was record title passed from the Leipzig Living Trust to another LLC, which purchased the property out of the foreclosure. So Anarion remains the option holder. Anarion remains the legal and equitable owner of the property. The only thing that has not happened yet, but will happen one month later than originally planned, but it still will happen by the end of June of this year, is that the record title will be transferred to Anarion. So under the Fair Debt Collection Practices Act, and in fact, under other cases dealing with a bankruptcy law, other cases having to do with other federal statutes, Anarion is the agreed party. It has standing, has palpable injury, more than palpable injury. It has actual injury based on what has occurred. I could ask you a question about the standing issue. In your argument, obviously the case was filed in federal court. But it seems now in your papers that you argue somehow that the court doesn't have jurisdiction over the case. So is it your position that the court had and has jurisdiction, or is it something else? And if you challenge jurisdiction, explain to me to the basis for that challenge. Appellants are not, Anarion is not challenging jurisdiction, nor has it. The court made a decision based on standing. It found a lack of standing. With a lack of standing of Anarion, there is no subject matter jurisdiction. Therefore, there cannot be a decision on the merits of the case. And if you look at, as your honors know, standing, jurisdiction, before you get to the merits, otherwise you're out. So there's no challenge to jurisdiction, and there's no challenge to standing. Anarion has standing, Anarion, and the court has jurisdiction. What was a bit confusing about the decision of the district court, I understand how it got there. But as far as legal rationale, it can't leap over the jurisdictional hurdle. Standing is, with a lack of standing, and lack of standing was found that Anarion is not a party that is entitled, a person that is entitled, and again, I won't go into that unless the court would like me to, is a person that's entitled to seek relief under the Fair Debt Collection Practices Act. Now, the court determined that Anarion was not a person that's covered by the act, an aggrieved party, which is contrary to Sixth Circuit, contrary to a number of cases dealing with, Supreme Court cases dealing with, corporations are presumed to be natural persons and treated the same under basic tenets of statutory construction interpretation. This court itself has determined that if there is an aggrieved party, that party has right, even though it is not the consumer, it is not the actual debtor. But without a finding, with a district court finding that there is no standing, the district court could not have reached the merits of the preliminary injunction motion. This is the first part, the first order that was appealed from, without first determining that the court has jurisdiction. So what happens, this is the incongruity in the way I looked at this when it was coming through. Court finds a lack of standing, the court reaches the merits of the preliminary injunction motion and denies the motion for preliminary injunction, but the court does not, in the middle portion of this traverse, determine whether or not the court has jurisdiction to hear it. The court instead hypothecates jurisdiction, assumes jurisdiction, which is not permitted. But now, the determination regarding the preliminary injunction is not a merits decision, is it? I mean, I know the court has to determine the likelihood of success on the merits, but that's not a determination on the merits of the case, you're not arguing that, are you? No, but the court did have to reach a certain level of... Right, they have to determine, they have to weigh and they have to determine the likelihood of success on the merits. Yes, but the court did not, nor was there ever an opportunity to get into the merits of the case. Can we go back to that? Now that... Yes, Your Honor. The foreclosure occurred, I understand that there's an argument about where we are in terms of entities. Now, what relief can the court provide to your clients going forward? The foreclosure has occurred, I think you kind of explained that the first time, but I want you to make that clear. Obviously, the house has been sold, but there still remains an FDCPA claim. The FDCPA provides two levels of, in appellant's view of the FDCPA, two levels of redress. One, statutory damages, monetary damages, which would include the difference, which would not just be the... I think it's $1,000 per... Actual. For actual damage. And there's also punitive damages awarded, and there are also attorney's fees awarded. Now, if the court remands back to the district court, this court remands back to the district court, there is still an FDCPA claim, and there are still the state law claims that were, that are not before the district court because of the decision on the FDCPA claim. So there's still a damage claim. There is a claim for injunctive relief that now, even though the argument... The foreclosure won't be undone. The foreclosure will not be undone. So that's correct. It is what it is. And the remand would have a statutory damage claim, plus the state law claims, and all the relief afforded the appellant on remand would be limited to that. I believe that there, this court, in the decision that... I think it's the... Pardon me. The Hrivnak... I'm sorry if I'm mispronouncing that decision. The court did query if we, the court, are able to determine what happens as far as prohibiting or... Somebody who's damaged and awarding damages, the court should also be allowed to prohibit that. In other words, injunctive relief. And I believe the court was correct when it addressed that. Alright, you'll have your rebuttal. Thank you. Thank you, Your Honor. Thank you. Good morning, members of the court. Legal challenges to foreclosures are not uncommon. What is uncommon are the facts of this case. A corporate entity leasing a house from the borrower who owns the house. The borrower goes delinquent on his payments, gets foreclosed upon. The corporate entity attempts to challenge that foreclosure through these claims, including the FDCPA claim. That's an unusual set of circumstances. Is it fair to characterize the district court's rationale for dismissing the claim under the act, let's just use that term, the fair debt, whatever, as simply that fair distillation of the court's holding? I believe that is the central part of the court's holding for dismissing the case under Rule 12B6, for failure to state a claim. Well, I think you have your work cut out for you in explaining why they're not a person. The statute uses the term any person in 1692K. It uses that term 24 times, I believe, is the count. In several instances, that usage is expressly including corporations. The Dictionary Act says that a person includes corporations unless the context shows otherwise. Correct, which is... And here, the context I just said is, unless the context shows otherwise, we normally don't construe two words one way in Provision A and then construe them a different way in Provision B. So it seems like you have this sort of battery of statutory construction rules against you, and I just wanna be candid with you. Those things all seem to be against your reading and the district court's reading. Granted, it's weird that an investment company is bringing a claim under this act. We can talk about that, but from an interpretive standpoint, what's your answer to all that stuff? Your Honor, first, I don't believe anywhere in the FDCPA are corporations referred to. If they are, I've missed that reading and the district court missed that reading. Unless the context indicates otherwise is the key phrase. The purpose of the statute, by its terms, is to prevent personal bankruptcies, marital... Well, we're talking about the purpose. Let's forget about the purpose. Okay. When the statute refers to any person in 1692D, it refers to a list of prescribed behaviors as they relate to any person. Okay, well, how about... Threats of violence. 1692A, it says the term debt collector does not include any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control. Clearly, in that provision, that provision is using the term any person and talking about, quote, persons who can be related by common ownership or affiliated by corporate control. Would you agree that usage is referring to corporations? I believe that usage is referring to employees of debt collectors. Related by common ownership or affiliated by... I'm sorry. In that usage, it could be argued that a person could include, I suppose, an entity that was owned by a corporation. So, I mean, which frankly, I think just looking at it seems correct. So, there's one usage. What's your response? Well, I believe that... I can't explain why Congress drafted certain provisions and used any person there where it would seem to imply that on the debt collector side, any person could be a corporation where in the rest of the statute, the body of the statute, which goes to what types of behaviors are prescribed under the statute, what sort of acts are prescribed. We're talking about things that are done to people, to individuals. Oppression, harassment, annoyance, threats of violence. It can be done to people, but I mean, there are other things that can be done to corporations too. So, that doesn't necessarily seem to exclude the possibility that both are persons under the Act. I mean, even debt collector under the Act. Debt collector is defined as any person who collects debts, and we're not talking about just natural people for sure in that. I agree. So, I mean, correct me if I'm wrong, it seems like your argument would ask us to construe any person to exclude corporations in 1692 K. No corporations included in any person there, but corporations is obviously included in the usage of any person in a bunch of other 1692 provisions. That's what you're asking us to do? I think reading the text of the Act as a whole, that's the only thing that makes sense. If you think about the elements of a claim, the elements of a claim that you have to bring, that you bring under the FDCPA, it has to be for a consumer debt. Let's be clear about that. There has to be a consumer debt that is being collected. What provision is that again? Is there a provision that says it only applies to consumer debt? I'm not doubting that, I'm just... I don't recall specifically if this is a paraphrase or if this is something the Act actually says. Well, if you look at Section 15 U.S.C. 1692 C.A., it talks about the debt collector may not communicate with the consumer in connection with the collection of any debt, and that debt, I believe it's defined as... I'm sorry. No, that's all right. We'll chase that down. I'm just not aware that there is a scope provision that says this only... 803.3, I'm sorry, 1692 A.3, the term consumer means any natural person obligated or allegedly obligated to pay any debt. That's another thing, the reference to natural person here. It's like, literally, almost every rule of statutory construction I can think of is saying any person, as crazy as it might seem in this case, any person's gonna include corporations, because when they want natural persons, they say natural person. The term debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance are the subject of the transaction for family, personal, or household use. Now... Which provision's that? That's 803... I'm sorry, 1692 A.5. That's helpful. So if we think about this, if a corporation can be any person under 1692 K, here's where we would be. You have to have a consumer debt. The debt has to be incurred for household or family purposes, correct? In order to bring a claim under the FDCPA. So if a corporation can be an aggrieved party under 1692 K, then you would have a collection efforts on a consumer debt. It just doesn't make any sense. I don't know how you would get there. How does a corporation stand in the shoes of a consumer? The cases that extend liability to other people who aren't consumers, they're always natural people. They're always people who have some sort of close, usually a family relationship to the debtor. Those are people who can stand in the shoes of the actual debtor who incurred the debt. Those people, in the few cases that in the circuit, and we don't dispute these cases at all, those people have standing to sue under the Act. But how could a corporation step into the shoes of a consumer who owes a debt? It just doesn't make any sense. And I agree that the use of any person in talking about who a debt collector is, that is at odds with the use of any person throughout the rest of the Act. But really, that's the only way that this Act makes sense. Otherwise, you have corporations who can sue based on debts that were incurred by consumers. I don't know how that would happen. I mean... I understand your point. And believe me, I fully appreciate your point as well. Well, 1692 A says, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to whatever. We've been talking about any person. Let's take a step back. Any debt collector who fails to comply with any provision of this subchapter. What provision of the subchapter, and I'll ask Mr. Johanson as well, is alleged to be violated here? And can you connect that up with the requirement that the debt be a consumer debt? I think in the complaint, every single provision of the Act was alleged to be violated by a numerous litany of claims, none of which were really supported by any facts. They were just sort of recitations of the Act. Okay, and so the key... Here's the key thing. The linchpin then of your argument, as I understand you to be making it, is you have to say all of those provisions are applicable only to consumer debt. Fair? Yes. So how do you get there? What part of the Act says all of these provisions that the plaintiff says are violated are applicable only if the debt is a consumer debt? Well, because of the definition of debt under... Okay, but you have to connect that with these provisions. I mean, this provision, for example, 1692K says nothing about consumer debt. It's gonna have to be baked into some provision that your opponent says is violated. It's not on its face here that this is limited by the definition of debt. Well, I guess anywhere you use the term debt in this Act, you're talking about violations that occur in connection with collection of that debt. So anytime the term debt is used, it's consumer debt. It's debt as defined under 1692A. So the only way to fail to comply with the provisions of this title are by violating those previous sections which deal with collection of debt. Correct? Well, I guess I'm asking for help. Okay. Okay. I mean, I'm asking for help to connect the definition that you cited. There's a syllogistic chain that you need to create here between the debt, consumer debt provision and 1692K. Except as otherwise provided in this, and I'm reading from 1692K, any debt collector who fails to comply with any provision of this title with respect to any person is liable. So the way you... Real broad. So you need to find a... The way you fail to comply with the provisions of this title are by violating all of the things that are prescribed, all of the prescribed behaviors, unfair practices in connection with collection of a debt, validation of debts, false or misleading representation in connection with the collection of any debt. So that's how you violate the act is by... So the word debt is in all those provisions. Yes. And you point out debt is only consumer debt. Correct. Okay. That's helpful. Okay. So I have just a couple of minutes left. Unless the context indicates otherwise, language I feel is very important, it's gonna excuse this court from trying to force the square peg into the round hole, to quote the Rowland case from the Supreme Court. And again, as I said, it just doesn't make any sense that corporations could step into the shoes of consumers in this sense and sue for liability under 1692K. It's just... It's an illogical result. Just in big picture, in the last five years, over 54,000 FDCPA claims have been filed only in federal court. That's just in federal court. If you extend this class of plaintiffs to include corporations, LLCs, joint ventures, lawyers are really good at coming up with creative ways to bring lawsuits. And I would just expect a number of manufactured claims under this act by corporations who maybe could go buy consumer debts from people who may have claims and then bring them against the debt collectors. It would create a whole new landscape, a very bizarre one. I don't think that there's anything in the act that would require the court to hold that any person in 1692K should be defined as the Dictionary Act defines it. I think the Dictionary Act, by its own terms, gives the court a real out by saying, unless the context indicates otherwise, all of the prescribed behaviors in the FDCPA refer to things that are done to people, oppression, harassment, annoyance, all those things. I think it's clear that Congress intended for the FDCPA to apply to individuals, not to corporations. It could have been a very easy fix for them to say, this also includes commercial debt. Corporations. Let's say it was the Leipzig Family Trust who's bringing a claim. They're out of luck on your reading? Well, they're a trust and I would think, yes, but I think Kirk Leipzig could just bring the claim and then that's an easy fix. But if he assigned his rights to the trust, then it sounds like he would be out of luck. I would agree. Yeah. Okay. Okay. Thank you. Any other questions? Alright. Thank you very much. That was helpful. Oh, please. And I'm sorry, is it Johansen or Johansen? It's Johansen here. Oh, I'm sorry. It's Johansen where my father came from in Norway, but it's a Johansen. It's Johansen. Alright. Up in Michigan, the J is usually a Y pronunciation. I gave it up in high school. It's just... Okay. It is what it is. Alright. Very good. Your Honor, what... Pardon me. Your Honor, what I... Briefly addressing counsel's argument in the court's inquiries, this is not about somebody buying consumer debts. That is not included. It's expressly not included in the act. What do you mean by that? A company that's in the business of buying debts as counsel, that's not covered by the act. It's an exception to it. But what the appellees are attempting to do is to carve out an exception that creates a gigantic loophole through which they can jump. And the court hit on it, Your Honor, at the conclusion of the last presentation. If an Aryan buy... Or any other corporate entity, any other entity, a partnership, an LLC, a trust, buys the property for estate planning purposes, for their family, maybe to limit liability, trip and falls on the property, things like that, and it's a single asset, single owner entity, and on the other hand, let's say, Judge, that is you. Judge Donald, the other one is, you buy it outright. Now, down comes the debt collectors with their whatever, their violations of the purpose of the act, which is to eliminate abusive debt collection practices. Judge Donald would have a claim, but Your Honor, you wouldn't. Now, you're getting somewhere. I'm just... It's the... It's the exact same fact pattern, but for the form. Well, sometimes the corporate form really does matter. Let me ask you this question. Yes, Your Honor. Mr. Adler points out that the act defines debt to be consumer debt. You would agree with that? Yes. And that the provisions you say are violated refer to debt. Correct. I think pretty much all of them. So you're saying that the provisions that concern consumer debt. Correct. How is this a consumer debt when it's held by an investment company called Inarion? The debt doesn't change its nature. Okay. The debt, when it was acquired, was to use for family, household, and personal reasons. That is what the consumer identifies. The claims by Inarion are under 1692 D, E, and F of the Fair Debt Collection Practices Act, not under 1692 C, which is limited to consumers. Can you say that again, please? 1692 D, E, and F, but not under 1692 C. As a matter of fact, Your Honor, in this court's case, the Montgomery decision, which is cited in the briefs, the court talks about a non-debtor... I'm sorry, I have to read from this to make sure I don't... I'm not just paraphrasing. A non-debtor who is subject to abusive collection tactics may not maintain an action in violation directed at a consumer, as defined in the FDCPA, however, but may maintain an action for violation of 1692 D and 1692 E, which have no such limitation and therefore apply to anyone who is the victim of the prescribed misconduct. What are you reading from? This is the case, page 26 of Appellant's brief, and it is the case... Please. Mr. Johansson, you said that in response to Judge Kepler's question, that the debt is defined or characterized by its status at the time the debt is incurred. And so if it's... When it's created, it's a consumer debt. The fact that it goes to or is held by some other entity, the nature of the debt doesn't change based on who holds it. Is that what you said? Yes, unless... Unless? Unless the party buying it is in the practice, for example, what appellees are worried about, somebody going out and buying a lot of consumer debt. They're in the business of buying a debt, so that's an exception to the Fair Debt Collection Practices Act. Okay. And is that exception specified somewhere in the Act? Because the other thing I want to ask you is, do you have a case, an example of a case where a federal court has applied the Fair Debt Collection Practices Act to an LLC or some other entity? No. As a matter of fact, the Fair Debt Collection Practices Act was enacted by Congress in 1977. Right. The first LLC popped up on the stage, on the national stage in Wyoming in 1997. Okay. And in Tennessee, it was much later. So the answer... And for the same reasons, in the 1800s, there was no LLC under the Dictionary Act. But Mr. Adler says that some 55,000 of these cases have been filed, and in none of those 55,000 have we had this issue with it being applied to an LLC or corporation that you have been able to find. I will quibble with the number. I think that's way excessive. But what I will say is that Mr. Adler's firm does put a dent in their business. I'm not... But this isn't about the victim. Well, just to finish, make sure we get an answer to Judge Adler's point. Yes. The answer remains that you're not aware of any case in which a corporation, an artificial entity of any kind, has been permitted to proceed as you're trying to proceed here. Is that fair? That's correct. And I have scoured... We're almost 40 years out, and that's never happened. Why isn't that... It seems like that's kind of the dog that's not barking here, but I understand you have arguments as to why under the Act. Your Honor, I could tell you from personal experience, I do a lot of work for homeless. There are a lot of people who do not have... And I'm not playing myself up at all. I'm merely saying this because I believe it to be true. Do not have the skill set or the financial resources to go up against a firm, a trust with absolutely bottomless pits as far as financial resources. If I had to do this as an individual who was a sole member of an entity and take it to this point, the cost would be enormous because it's... And the fact that there isn't a case in 10 or there isn't a case in 1,000 does not mean... It does not equate to what the Fair Debt Collection Practices Act prohibits, which is excessive debt collection practices against any person. Any further questions? Thank you. Okay. Thank you both for your arguments. Thank you so much for your time. Case will be submitted. Clerk may call